

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable I. Predecki
County Auditor, Galveston County
Galveston, Texas

Dear Sir:

Opinion No. 0-5991
Re: Authority of commissioners'
court to amend budget and
provide for jail clerk.

Your letter of April 25, 1944, requests the opinion of this department whether the commissioners' court of Galveston County may amend the county's budget so as to provide the sheriff with a jail clerk (a new position) at a salary of $165.00 per month. The duties of this clerk will be "keeping all records, accounts and books and other clerical work, and to have general supervision of maintenance of food and supplies."

You inform us that these duties have been performed by a guard titled, "head jailer," at a salary of $150.00 per month.

Article 1902, Vernon's Annotated Civil Statutes, provides, in part, as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them

NICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts: * * *

* * * *

"4. In counties having a population of sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants, first assistant or chief deputy not to exceed Twenty-four Hundred ($2400.00) Dollars per annum; other assistants, deputies or clerks not to exceed Twenty-one Hundred ($2100.00) Dollars per annum each."

The 1940 Federal Census lists Galveston County as having a population of 81,173 inhabitants, and the county therefore comes within the provisions of the statute above quoted, allowing the Commissioners' Court to authorize the employment of clerks at a salary not to exceed Twenty-one Hundred ($2100.00) Dollars per annum.

Although we have advised that the Commissioners' Court is authorized by law to allow the sheriff a clerk for the duties described, it remains to be determined whether this new position may be introduced into the 1944 budget by amendment at this time.

Article 689a-11, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"* * * When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. * * *"

This department has many times held that what constitutes "grave public necessity" as that term is used in Article 689a-11, depends upon the facts in each case and is a question for the primary determination of the commissioners' court in the exercise of its prudent judgment. See our Opinions Nos. 0-1022, 0-1053 and 0-4127.

We therefore advise that it lies within the province of the commissioners' court to determine the facts respecting the existence of a grave public necessity so that the budget may lawfully be amended to provide for the position of jail clerk.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Jas. D. Smullen_
Jas. D. Smullen
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

JDS:EP

APPROVED MAY 3, 1944

(Acting)

ATTORNEY GENERAL OF TEXAS